Contracts; interpretation; trade practice; necessity to seek clarification. — Plaintiff seeks additional compensation under a small business contract with the Navy Department for construction of 32 mechanized landing craft. Plaintiff contends that it bid on and accepted the contract under the warranted assumption that it would be able to build the craft in an economically efficient manner in two segments, stern and front, and then weld them together in a continuous circumferential weld, but that the Navy ordered it to build the craft with side and bottom plates so sized and located as to require staggered welds and thereby make two-piece construction economically unfeasible, which it claims is a constructive change. The Armed Services Board of Contract Appeals denied the claim on the ground that the Navy’s requirement did not constitute a change but was always in the contract. Plaintiff urges here that there was an established trade practice permitting the building of the craft with a continuous circumferential seam amidships so as to allow two-piece construction. In a recommended opinion filed June 27,1974 (reported in full at 20 CCF para. 83,157), Trial Judge Philip ft. Miller concluded that the Board properly found that plaintiff had no reasonable basis for the belief that defendant had waived the contract requirements for the staggered welded seams. Plaintiff had never previously held a contract for the production of the craft, and therefore could not have relied on an established course of dealings in submitting its bid; the record does not reflect that the Government held out landing craft of prior boatbuilders as a standard for plaintiff to follow; plaintiff’s examination of the incompleted and yet unaccepted two-piece craft of prior builders hardly warranted its reliance that it was entitled to do likewise under the specifications on which it bid, since it had neither examined the contract specifications of the other builders nor did it know at the time it submitted its *858 bid that the prior craft would be accepted by the Navy without modification — at most it furnished a basis for inquiry which plaintiff declined to make. Where such circumstances introduced an obvious ambiguity or inconsistency in the specifications, plaintiff was obligated to bring the situation to the Government’s attention before bidding if it intended subsequently to resolve the issue in its favor. Furthermore, the Navy met with plaintiff precisely for the purpose of insuring that there would be no misunderstanding as to its obligation to follow the drawings rather than the one-piece method of construction, and plaintiff agreed in writing that the drawings would be followed as to location of the butts and welds and that if it desired to deviate from the drawings in that respect it must obtain prior Navy approval. This case came before the court on plaintiff’s request for review by the court of the recommended decision, on plaintiff’s motion and defendant’s cross-motion for summary judgment, having been submitted on the briefs and oral argument of counsel. Upon consideration thereof, since the court agrees with the recommended decision, it affirmed and adopted the said decision as the basis for its judgment in this case, and on February 14, 1975, by order, the court concluded that plaintiff is not entitled to recover, denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.