**BOYD INTERNATIONAL LTD.**

v.

**The UNITED STATES.**

No. 527–84C.

United States Claims Court.

July 8, 1986.

Michael A. Caddell, Houston, Tex., for plaintiff.

Stephen McHale, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

SETO, Judge.

This action arises from the May 19, 1982 contract between plaintiff, Boyd International, Ltd., and the Fort Worth District of the U.S. Army Corps of Engineers ("Corps") for the renovation and expansion of several buildings at Kirtland Air Force Base, New Mexico. In particular, the dispute focuses on Clause 29 of the general provisions of the contract:

29. FEDERAL, STATE, AND LOCAL TAXES (1971 Nov.)

(a) Except as may be otherwise provided in this contract, the contract price includes all applicable Federal, State, and local taxes and duties.

\*   \*   \*   \*   \*   \*

(f) Unless there does not exist any reasonable basis to sustain an exemption, the Government upon the request of the Contractor shall, without further liability, furnish evidence appropriate to establish exemption from any Federal, State, or local tax. . . .

On July 21, 1982, plaintiff requested an exemption certificate under paragraph 29(f). After the New Mexico Taxation and Revenue Department advised plaintiff that all contract proceeds were subject to New Mexico's gross receipts tax, N.M.Stat.Ann. § 7–9–4 (1978), plaintiff submitted a certified claim to the contracting officer for the amount of the tax incurred. On October 13, 1983, the contracting officer issued a final decision denying plaintiff's claim and finding that plaintiff was responsible for determining the applicability of state taxes when formulating its bid.

In its argument before this court, plaintiff contends that its interpretation of Clause 29, and consequent failure to include the New Mexico gross receipts tax in its bid, was reasonable in light of the Corps' customary practice in other districts. Specifically, plaintiff adverts to the Corps' practice of providing prospective bidders precise information in the invitation for bids (IFB) concerning the applicability of particular state and local taxes, and the availability of exemption certificates.[1] Plaintiff contends that this information serves to identify those states where the contractor must account for state and local taxes in its bid. Affidavit of Raymond R. Boyd, Plaintiff's Cross-Motion for Summary Judgment at 25. Because the IFB issued by the Corps' Fort Worth District in the instant case did not specify that bidders would be liable for New Mexico's gross receipts tax, plaintiff argues that it was reasonable to assume it would not be so liable. We disagree.

The language of Clause 29 is clear and unambiguous. Paragraph 29(a) states simply that the contract price includes all Federal, State, and local taxes. Because Clause 29 is designed as a general provision for use in numerous jurisdictions, paragraph 29(f) provides that exemption certificates will be issued *"unless there does not exist any reasonable basis to sustain an exemption."* (emphasis supplied). Therefore, rather than being inconsistent with the general rule in paragraph 29(a), paragraph 29(f) merely provides an exception for use in appropriate jurisdictions. The burden of determining whether the exemption provided in paragraph 29(f) applies to work performed under any particular contract, however, rests with the contractor. *See John C. Grimberg Co., Inc.,* ASBCA No. 12783, 70–1 BCA ¶ 8108

---

1. Plaintiff cites an IFB issued by the Corps' Omaha District on January 22, 1985, as well as one issued by the Kansas City District on October 17, 1983. Appendix to Plaintiff's Cross-Motion for Summary Judgment at A–3, A–14.

(1970); *Pneumatic Electric Company,* ASBCA No. 17502, 73–1 BCA ¶ 9853 (1973). Accordingly, plaintiff was obliged to determine the applicability of New Mexico taxes before it submitted its bid. Had plaintiff inquired, it would have learned that it was responsible to account for the New Mexico gross receipts tax in its bid. *See United States v. New Mexico,* 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). Therefore, the contracting officer properly denied plaintiff's claim for the taxes incurred as there was no reasonable basis to sustain an exemption under paragraph 29(f). Indeed, plaintiff's failure to discharge its obligation under Clause 29 cannot later be cured by modifying the contract price to the potential detriment of the unsuccessful bidders.

■ Plaintiff argues, however, that the Corps' practice in some districts of specifying when and to what extent the contractor is liable for state and local taxes alters its obligation under Clause 29. Although plaintiff refers to this "customary practice" to establish that its interpretation of Clause 29 was reasonable, this case does not call for application of the doctrine of trade usage and custom. This is not a case where the contractor simply requests that contract language be given effect according to its trade meaning. *See, e.g., George Hyman Construction Company v. United States,* 215 Ct.Cl. 70, 81, 564 F.2d 939, 946 (1977); *Gholson, Byars & Holmes Construction Co. v. United States,* 173 Ct.Cl. 374, 351 F.2d 987 (1965). Moreover, plaintiff does not attempt to explain or define a contract term with evidence of trade usage or custom, but rather seeks to use the Corps' prior conduct under other contracts to contradict unambiguous contract language. This approach must fail. *Cf. George Hyman Construction Company,* 215 Ct.Cl. at 81, 564 F.2d at 946 (trade practice cannot prevail over unambiguous contract provisions); *W.G. Cornell Co. v. United States,* 179 Ct.Cl. 651, 376 F.2d 299 (1967) (evidence of trade custom and usage may not be used to vary or contradict contract language); *Tibshraeny Brothers Construction, Inc. v. United States,* 6 Ct.Cl. 463, 470 (1984) (evidence of trade meaning, usage, and custom may be used only to explain or define contract language).

■ In essence, plaintiff argues that the Corps' prior course of conduct estops the government from enforcing the otherwise unambiguous language of Clause 29. Although we accept the general proposition that a prior course of dealing between the same contractual parties can extinguish an otherwise explicit contract requirement, *see Gresham & Company, Inc. v. United States,* 200 Ct.Cl. 97, 470 F.2d 542 (1972), the course of conduct plaintiff adverts to is insufficient to effect a waiver of plaintiff's Clause 29 obligation.

To establish a waiver resulting from a prior course of conduct, plaintiff typically must demonstrate that it acted in reliance on the government's conduct under a similar, prior contract to which it was a party. *See, e.g., Southwest Welding & Manufacturing Co. v. United States,* 206 Ct.Cl. 857, 513 F.2d 639 (1975); *Gresham & Company, Inc. v. United States,* 200 Ct.Cl. 97, 470 F.2d 542 (1972); *Eastern Ambulance Service, Inc.,* VABCA No. 2078, 86–2 BCA ¶ 18,852 (1986). The instant case is clearly distinguishable. The contract in issue was between plaintiff and the Fort Worth District of the Corps and was not one of a series of contracts between the parties. There is no evidence that the Fort Worth District has ever supplied plaintiff or any other contractor with information on the applicability of state taxes other than that in Clause 29. Moreover, plaintiff has not shown that the Corps has ever interpreted the absence of specific tax instructions, in any of its earlier dealings, to mean that an exemption certificate automatically will be granted. Therefore, plaintiff is unable to attribute to defendant a prior interpretation of similar contractual language between the same parties. Rather, plaintiff relies on language in contracts issued by other districts of the Corps, and to which plaintiff was not a party, to establish a prior course of conduct binding on the Fort

Worth District. In our view, this conduct is too attenuated from the instant contractual arrangement to justify ascribing to Clause 29 anything but its plain meaning. Consequently, plaintiff's interpretation was unreasonable.

In almost identical circumstances, the Armed Services Board of Contract Appeals held that the Fort Worth District was under no obligation to provide bidders with information regarding the applicability of the New Mexico gross receipts tax. *Eller Construction, Inc.*, ASBCA No. 22654, 78–2 BCA ¶ 13,511 (1978). We agree with the board's analysis. Indeed, the particular practice of one district office will not impute to any other district an obligation to do that which it is not otherwise obliged to do. *See id.* at p. 66,199. The Fort Worth District therefore properly included Clause 29 in its IFB without additional, elucidative information. Accordingly, the government can enforce Clause 29 as written and need not reimburse plaintiff for taxes it should have included in its bid.

For the foregoing reasons, defendant's motion for summary judgment is GRANTED and plaintiff's complaint shall be DISMISSED. Costs to defendant.