## INTERNATIONAL RESOURCE RECOVERY, INC.,
### Plaintiff,

### v.

### The UNITED STATES, Defendant,

### and

### Rolloffs Hawaii, Inc., Intervenor.

### No. 04–154C.

United States Court of Federal Claims.

Filed Under Seal April 19, 2004 [1].

Reissued: April 23, 2004.

**1.** This opinion was issued under seal on April 19, 2004. The Court invited the parties to submit proposed redactions by April 22, 2004. No redactions having been received, the Court publishes this opinion *in toto*, correcting errata.

Jeffrey I. Gdanski, Teaneck, New Jersey, for Plaintiff. Scott Gdanski and Sam Z. Gdanski, Teaneck, New Jersey, of counsel, for Plaintiff.

Stephen C. Tosini, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant. Capt. Scott N. Flesch, Army Counsel, Arlington, Virginia, and Lt. Col. Thomas L. Hong, Army Counsel, Arlington, Virginia, for Defendant. Donald A. Tobin, Bastianelli, Brown & Kelley, Washington, D.C., for Intervenor.

## ORDER AND OPINION DENYING ADDITIONAL SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD

WILLIAMS, Judge.

In this post-award bid protest, Plaintiff, an incumbent contractor who performed trash pick-up services, contends that the Army's rejection of its proposal for failure to submit a mobilization plan was arbitrary and capricious because Plaintiff was already fully mobilized and the Army, as a matter of past practice, had not required mobilization plans from incumbents.

Following the Court's denial of a preliminary injunction, Plaintiff seeks to supplement the Administrative Record (AR) for a second time to add materials which it claims should have been included or are necessary to clarify the record or the Court's decision. Specifically, Plaintiff seeks to have Defendant produce a mobilization plan of another incumbent contractor, Horizon Waste, Inc., on

a prior procurement and the Army's assessment of that plan to show that the Army had a past practice of waiving requirements for mobilization plans for incumbent contractors. Even if Plaintiff could establish that the Army had waived the mobilization plan requirement for Horizon, that single waiver in a different procurement would not remotely constitute a "past practice" which would obligate the Army to ignore solicitation requirements and again waive that requirement here. As such, the requested discovery and supplementation would be futile and a waste of the parties' resources.

In addition, Plaintiff seeks to supplement the record with documents indicating that the Army knew that Plaintiff owned its vehicles and containers, information that was required to be included in an offeror's mobilization plan and proposal, but which IRRI failed to include. Such a post hoc explanation of an offeror's capabilities not reflected in an offeror's proposal is not a proper basis for supplementing an administrative record.

### *Background*

By Order dated February 13, 2004, the Court granted Plaintiff's request to depose two contracting officers (CO) and Defendant's alternative request to depose Plaintiff's principal, Mr. Henry Johnson. On February 20, 2004, Plaintiff sought a preliminary injunction, and the Court denied such relief, finding that Plaintiff had failed to comply with a mandatory requirement of the solicitation calling for a mobilization plan, and that the Army was not obligated to waive that requirement for incumbents. *International Resource Recovery, Inc. v. United States*, 60 Fed.Cl. 1 (2004). On March 29, 2004, Plaintiff advised the Court that it would file a motion for judgment on the Administrative Record and seek a permanent injunction.

Plaintiff now seeks to supplement the Administrative Record, with the following documents:

1. The formal mobilization plan, if any, submitted by another incumbent, Horizon Waste, Inc., in a prior procurement, and any contemporaneous assessment of that plan;

2. Documentation of an Assignment of Claims dealing with a Government-approved financing arrangement for Plaintiff's vehicles and containers; and

3. Affidavit of Mr. Henry Johnson, IRRI's principal, explaining the use and ownership of IRRI's equipment, as of yet unfiled.[2]

In taking the depositions the Court had authorized, neither party requested or produced Horizon's plan.[3]

In its decision denying a preliminary injunction, the Court concluded:

The lone incident memorialized in a 2001 memorandum did not establish that the Army had a past practice of waiving the requirement for a mobilization plan. Rather, that memorandum and the contracting officer's testimony suggested that the incumbent had submitted a mobilization plan at that time which was evaluated in that procurement. Mr. Johnson's testimony to the contrary is hearsay and unsupported by any documentary evidence. Finally, IRRI's reliance on this so called "past practice" was not reasonable in the face of a solicitation that clearly required a mobilization plan, particularly where the Army would not have all the information necessary to make an informed selection without such a plan.

*International Resource Recovery*, 60 Fed.Cl. at 7.

---

**2.** Plaintiff also seeks to supplement the Administrative Record with pre– and post-negotiation memoranda cited in the Court's previous decisions, as well as a recent decision issued by a Hawaii state court, *Horizon Waste Servs. of Hawaii v. International Resource Recovery, Inc.*, No. 03–1–0470(VSM) (Mar. 8, 2004). However, the memoranda are already in the record, AR at 6, Exhibit WW, and Defendant does not object to including the state court's decision in the record.

**3.** In its Notice of Deposition, Defendant directed Mr. Johnson to "bring any and all materials upon which he intends to rely in support of his testimony," but Plaintiff did not request that the CO bring any documents to her deposition. Notice of Deposition to Henry Frank Johnson, dated February 13, 2004; Notice of Taking Deposition Upon Oral Examination to Phyllis Koike, dated February 17, 2004.

### Discussion

The Court will permit a party to supplement the administrative record in limited circumstances in order to "preserve a meaningful judicial review." *Vantage Associates, Inc. v. United States,* 59 Fed. Cl. 1, 13 (2003) (quotations omitted) (citations omitted); *International Resource Recovery,* 60 Fed.Cl. at 5–6 (supplementation of the record allowed where there is "a genuine need to supplement that record arising from the particular circumstances of a case"); *Gentex Corp. v. United States,* 58 Fed.Cl. 634, 648 (2003). As this Court recognized in *Graphic-Data, LLC v. United States,* 37 Fed.Cl. 771, 780 (1997):

> While a disappointed bidder does not have the right to have a federal court substitute its judgment for that of the administrative agency, the bidder does have the right to introduce appropriate evidence to allow the court to determine whether the agency action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'

In the instant case, the Court has already permitted the parties to engage in discovery and supplement the record with depositions. In ruling on the motion for preliminary injunction, the Court has considered the record, as supplemented, along with the legal arguments on injunctive relief. As explained below, neither the requested additional discovery nor the proposed additional supplementation will assist the Court in assessing whether the agency's action was arbitrary or capricious or in considering again whether injunctive relief is warranted.

First, Plaintiff seeks to have Defendant produce a mobilization plan of another incumbent contractor, Horizon Waste, Inc., on a prior procurement and the Army's assessment of that plan to show that the Army had a past practice of waiving solicitation requirements for mobilization plans for incumbent contractors.[4] As grounds for its request, Plaintiff asserts that "the record is vague, confusing and inconclusive on the core issue of the protest" and that these materials should have been part of the Administrative Record. Plaintiff's Motion to Supplement the Administrative Record at 1. This request ignores the Court's conclusion, in ruling on Plaintiff's Motion for Preliminary Injunction, that this "lone incident ... did not establish that the Army had a past practice of waiving the requirement for a mobilization plan." *International Resource Recovery,* 60 Fed.Cl. at 7–8. Further, the Court held that "IRRI's reliance on this so called 'past practice' was not reasonable in the face of a solicitation that clearly required a mobilization plan, particularly where the Army would not have all the information necessary to make an informed selection without such a plan." *Id.* Thus, the Court concluded, as a matter of law, that a single instance of waiving such a requirement did not rise to the level of a "past practice," which would warrant a reasonable incumbent offeror to forgo submitting a mobilization plan contrary to the clear requirements of a solicitation. Even if the Court were to obtain clear evidence that, contrary to its prior conclusion, Horizon had *not* submitted a mobilization plan, but nonetheless received a "Good" rating, this would not change the Court's legal conclusion that a single incident would not constitute a "past practice" entitling an offeror to deviate from the clear terms of a solicitation.

The Court knows of no legal authority which holds that a single instance of the Government's "past practice" of relaxing a solicitation requirement in a given source selection mandates future relaxations of that requirement in a subsequent source selection. This is not analogous to situations in which "a contract requirement for the benefit of a party becomes dead if that party knowingly fails to exact its performance, over such an extended period, that the other side reasonably believes the requirement to be dead." *Gresham & Co. v. United States,* 200 Ct.Cl. 97, 470 F.2d 542, 554 (1972); *Unlimited Supply Co. v. General Servs. Admin.,* GSBCA No. 12371, 94–3 BCA ¶ 27,170, 1994 WL 504148 (Sept. 14, 1994). These waivers based upon courses of dealing involve the

---

4. Because Plaintiff does not possess these documents, the Court deems its request as a request for both discovery and supplementation.

same parties to numerous contracts, not source selection decisions involving different offerors. *Boyd Int'l Ltd. v. United States,* 10 Cl.Ct. 204, 206 (1986) ("To establish a waiver resulting from a prior course of conduct, plaintiff typically must demonstrate that it acted in reliance on the government's conduct under a similar, prior contract to which it was a party."); *Scientific Coating Co.,* VABCA No. 2377, 87–2 BCA ¶ 19,885 at 100,-599, 1987 WL 46588 (May 28, 1987).

Moreover, waiver of a contractual requirement by course of dealing cannot be established by a single occurrence. *Doyle Shirt Mfg. Corp. v. United States,* 199 Ct.Cl. 150, 462 F.2d 1150, 1154 (1972) (government not bound by deviations in three prior contracts); *Kvaas Constr. Co.,* ASBCA No. 45965, 94–1 BCA ¶ 26,513, 1993 WL 465494 (Nov.12, 1993) (government not bound by deviations in four prior contracts); *John Lembesis Co.,* ASBCA No. 24100, 80–2 BCA ¶ 14,571, 1980 WL 2670 (June 30, 1980) (waiver of requirement in two prior contracts insufficient to support waiver in the contract at issue). Rather, in order to establish waiver of a contractual requirement a party must establish an extended course of conduct, such as that found in *Gresham* which involved the waiver of a specific contract requirement in 36 contracts with the same party. *Gresham,* 470 F.2d at 556; *see also Unlimited Supply Co.,* GSBCA No. 12371, 94–3 BCA ¶ 27,170 (government waived specifications where it accepted nonconforming goods in 19 prior purchase orders). As such, even if this waiver doctrine could be extended to contract formation—a matter this Court does not decide, a single instance of such waiver would not suffice to establish a past practice or course of dealing. Because Plaintiff's requested supplementation of the record would not alter this legal conclusion or aid in the

resolution of this case, Plaintiff's request is denied.[5]

Plaintiff further seeks to supplement the Administrative Record with documentation concerning an Assignment of Claims to show that the Army knew that IRRI owned its equipment because of a financing arrangement reflected in the assignment signed by a contracting officer.[6] Plaintiff's Motion to Supplement the Administrative Record at 2. In essence, Plaintiff seeks to introduce into this Court's record information which it failed to include in its proposal and fault the Army for not evaluating it. As this Court expressly recognized in its decision denying a preliminary injunction: "Plaintiff's failure to submit a plan left a void in the information to be evaluated—there was no documentation of Plaintiff's financial capability to acquire the equipment and no indication of the number and type of containers or whether the vehicles or containers were to be owned or leased .... " *International Resource Recovery,* 60 Fed.Cl. at 6–7. The Court will not allow a party to present information required to be in its proposal, which it failed to include, through extraneous documentation as supplementation to an administrative record in a bid protest. *See Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States,* 56 Fed.Cl. 502, 510–11 (2003) (quoting *Lion Raisins, Inc. v. United States,* 51 Fed.Cl. 238, 245 (2001)) ("Because defendant is engaged in 'quintessential *post hoc* rationalization,' defendant's motion to supplement the administrative record is denied insofar as the declarant supplies the elements missing from the already completed price analysis."). In short, supplementation of the administrative record should not be a subterfuge to permit an offeror to supplement an inadequate proposal.

---

5. Denying discovery of the Horizon plan and assessments would also comport with Rule 26(b)(2) of the Rules of this Court which permits the Court to limit discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues. Here, the additional discovery is wholly unnecessary for resolving this case.

6. Plaintiff asserts that it requires this supplementation "to clarify Footnote 8 of the Court's decision Filed March 5, 2004 which stated that, 'Plaintiff's contention that the [A]rmy knew that vehicles and containers were owned because of an assignment of the proceeds of a contract is not supported by the record.' " Plaintiff's Motion to Supplement the Administrative Record at 2.

Along the same lines, Plaintiff seeks to supplement the record with an affidavit from Plaintiff's principal, Mr. Johnson, purporting to discuss the ownership and use of the equipment required for contract performance. This request fails for the same reason as the request for the assignment documents and suffers from the added infirmity that Mr. Johnson was deposed in this action, and Plaintiff's counsel was authorized to conduct a direct examination of him on any matter relevant to this protest. The Court at this juncture will not permit Plaintiff to submit an affidavit on matters Plaintiff elected not to elicit during a deposition.

### Conclusion

1. Plaintiff's second Motion to Supplement the Administrative Record is DENIED.

2. The parties are directed to file any proposed redactions to this Opinion no later than April 22, 2004.