**FOUR POINTS BY SHERATON,**
Plaintiff,

v.

The **UNITED STATES,** Defendant,

and

**Command Management Services,
Inc., Intervenor.**

No. 04–1589C.

United States Court of Federal Claims.

Filed Under Seal Dec. 23, 2004.

Reissued Jan. 6, 2005.[1]

Angela M. Brown with John D. Pirich, Honigman, Miller, Schwartz and Cohn, LLP, Lansing, Michigan, for Plaintiff.

Doris S. Finnerman, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant. Capt. Peter Hartman, Judge Advocate General's Corps, U.S. Army Litigation Center, Arlington, Virginia, Of Counsel, for Defendant.

James A. McMillan, Grayson & Kubli, PC, McLean, Virginia, for Intervenor.

## ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

WILLIAMS, Judge.

In this post-award bid protest, Plaintiff, the Four Points by Sheraton (Four Points), challenges the Army's award of a contract for meals and lodging for armed forces applicants to Command Management Services, Inc. (Command). Plaintiff contends that the bid evaluation process was unfair, that the Army unduly delayed a reevaluation after agreeing to take corrective action following an earlier bid protest and that the Army was biased against it. This matter comes before the Court on Plaintiff's motion to supplement the Administrative Record (AR) and for discovery. Specifically, Plaintiff seeks to take the depositions of the contracting officer (CO) and three evaluators on the bias issue.[2] Because Plaintiff has not made a threshold showing of either motivation or conduct giv-

---

1. An unredacted version of this Order was issued under seal on December 23, 2004. The Order issued today incorporates Defendant's proposed redactions. This redacted material is represented by brackets [].

2. Although in its Complaint Plaintiff only alleges bias on the part of the CO, it seeks to probe bias on the part of the three evaluators in discovery.

ing rise to a suggestion of bias, this request for discovery and supplementation of the record is denied.

### Background [3]

The Army initially awarded a fixed-price requirements contract to provide meals and lodging to armed forces applicants at the Detroit Military Entrance Processing Station (MEPS) to Command on January 23, 2003. Four Points filed a bid protest with the General Accounting Office (GAO), alleging that the agency failed to consider that the awardee's facility was undergoing renovations. On March 31, 2003, Four Points voluntarily dismissed that protest because the Army agreed to conduct a revised source selection.

On May 20, 2003, the Army issued an amendment to the solicitation with a revised statement of work and a closing date of May 29. On July 11, 2003, the Army awarded the contract to Command. Four Points alleges that the Army took an excessive and unreasonable amount of time, three-and-a-half months, to reevaluate revised proposals and make this award. Four Points alleges that the only reason for this delay was to permit Command to complete its renovations—rendering the renovations, which had been the basis for the corrective action, a "nonissue." Complaint ¶ 25.

Four Points filed a second GAO protest on July 18, 2003, alleging bias, undue delay and an unfair evaluation. GAO denied the bias and delay claims, and dismissed the unfair evaluation allegation as untimely.

In the instant action, Plaintiff contends that the evaluation process was unfair because *inter alia:*

- "Four Points was unfairly criticized during the site inspection for many things that were untrue, taken out of context, and that were only half truths." Complaint ¶ 36.
- Bidders were not evaluated in a consistent manner.
- Although the CO stated that the onsite evaluations were for verification only, they were used to evaluate bidders and make awards.
- After corrective action was taken, the evaluators unfairly and with apparent hostility criticized Four Points' written proposal and ignored its supplemental information.
- The Army unduly delayed taking corrective action after dismissal of its first GAO protest by taking two months to issue an amendment to the solicitation and over three months to evaluate revised offers and make an award, so that Command could complete its renovations and be eligible for award.
- The Contracting Officer was biased against Four Points and was determined to make sure that Command was awarded the contract.[4]

With respect to undue delay, Defendant asserts that there was an agency moratorium on issuing both new solicitations and amendments for MEPS meals and lodging requirements which prevented it from taking corrective action and awarding the contract any sooner.

On November 24, 2004, this Court orally granted Plaintiff's request to supplement the Administrative Record by taking the deposition of Patricia Rollie, the CO, who was also the source selection authority, for the limited purpose of ascertaining: 1) the basis for her determination that there was a moratorium on issuing both new solicitations and amendments; and 2) the basis for her past performance evaluation of the awardee in July 2003—areas which were not addressed in the AR. The Court also directed Defendant to

---

3. This background is derived from the Complaint and the AR which consists of three volumes and 1180 pages.

4. Initially in its complaint and GAO protest, Four Points alleged that Hani Mio, the general manager and part owner of Four Points, was "born in Bagdad, Iraq and is Chalden–American." AR 1194; Complaint ¶ 55. Plaintiff continued: "The

Army seems determined to do whatever is necessary to award this contract to a bidder other than Four Points possibly because of Mio's national origin." *Id.* However, Plaintiff makes no mention of Mr. Mio's national origin in its characterization of the Army's alleged bias in the instant motion to supplement the AR and appears to have abandoned that ground for claiming bias.

produce any additional documentation regarding the moratorium as well as three missing evaluations of Four Points and any evaluations of the past performance of Command on the contract at issue from January to July 2003.

The Court deferred ruling on Plaintiff's additional request to supplement the Administrative Record with the depositions of Ms. Rollie and the three evaluators on the bias issue stating that it "would need concrete facts and not global assertions of bias to allow Plaintiff to delve into this area." Order Granting In Part Plaintiff's Motion to Supplement the Administrative Record, Dec. 1, 2004, at 2. As such, the Court granted Plaintiff leave to file the instant motion to supplement the AR and for discovery to allege concrete facts indicating bias.[5]

In support of its contention that the CO as well as the three evaluators are biased, Plaintiff alleges a litany of disagreements with their evaluation determinations. This was a best value procurement with award to be made to the offeror whose proposal was considered most advantageous to the Government. Offers were to be evaluated on Facility Quality, Transportation, Quality Control and Past Performance, as well as cost. Plaintiff has attempted to show bias by arguing that the evaluators' conclusions were either inconsistent with each other or wrong citing, *inter alia:*

- the CO's rating of Command as [ ], despite the fact that it did not have a game room or a weight room
- one evaluator's conclusion that the finding of adult magazines under mattresses at Four Points during room inspections was a "[ ]"
- an erroneous comparative evaluation of Plaintiff's and Command's applicant lounge seating, and television size
- an erroneous criticism of Four Points on the ground that its smoke detectors had no battery backup, when in fact they have a more reliable generator backup

- an erroneous evaluation of Command's swimming pool as [ ] even though it was six or eight feet deep and had no lifeguard on duty
- one evaluator's rating of Command as [ ] despite significant safety violations including the fact that smoke detectors were not hard-wired
- an evaluator's erroneous evaluation of Four Points' transportation services including timing, the condition of the vans used to transport the applicants, seat belts and tires, and the distance between MEPS and Four Points
- an evaluator's unwarranted criticism of Four Points on the ground that applicants could only enter the restaurant if they were 21, when the policy restricted all guests who were under-age after 9:00 pm
- the evaluators' failure to consider the absence of any illness, injury or accident involving any applicant over the last six years under Four Points' contract
- a criticism by an evaluator that MEPS applicants were not treated in the same manner by Four Points as regular guests and that a camera was installed on the second floor to keep a "closer eye" on male applicants
- the CO's conclusion that stains on Four Points' sheets and mattresses had been a concern of MEPS for some time but no evaluator had identified this as a problem, while Command had similar deficiencies that were not noted by the CO.

*See,* Plaintiff's Supplemental Brief in Support of Motion to Supplement the AR and for Discovery (Supp.Br.), *passim.*

### *Discussion*

In *Information Technology & Applications Corp. (ITAC) v. United States,* 316 F.3d 1312, 1323 n. 2 (Fed.Cir.2003), the United States Court of Appeals for the Federal Circuit addressed the standard for allowing

---

**5.** Plaintiff filed its supplemental brief on Dec. 10, 2004, and Defendant and Intervenor filed their responses on Dec. 15, 2004.

discovery on a bias allegation in a bid protest. The court explained:

> The appellant also argues that the Court of Federal Claims improperly refused to allow discovery regarding alleged bias of the Air Force in the procurement process. An agency decision is entitled to a presumption of regularity. '[D]iscovery of the contracting officer's reasoning is not lightly to be ordered and should not be ordered unless record evidence raises serious questions as to the rationality of the contracting officer's [decision].' In this case, ITAC has pointed to no record evidence of bias. Instead it has merely reiterated its contentions that the Air Force erred in evaluating the proposals. This is not evidence of bias, and it is insufficient to overcome the presumption that the contracting officer acted in good faith.

316 F.3d at 1323 n. 2 (citations omitted).

◼ Consistent with this standard, before authorizing discovery into alleged bias on the part of agency officials in a bid protest, trial courts have required a plaintiff to assert a reasonable factual predicate for such allegation. In *Beta Analytics Int'l, Inc. v. United States,* 61 Fed.Cl. 223, 226 (2004), this Court recently ruled that in order to obtain discovery on bad faith, a plaintiff must: 1) make a threshold showing of either a motivation for the Government employee to have acted in bad faith or of conduct that is hard to explain absent bad faith, *and* 2) persuade the Court that discovery could lead to evidence which would provide the level of proof sufficient to overcome the presumption of regularity and good faith. In *Beta,* the Court denied discovery on the bad faith allegation finding that a difference in scoring among evaluators was insufficient to permit discovery. "Innuendo or suspicion is not enough to demonstrate bad faith and thus justify discovery." *Beta,* 61 Fed.Cl. at 226 (citations omitted).

◼ Similarly, the Court in *Int'l Res. Recovery, Inc. (IRRI) v. United States,* 61 Fed. Cl. 38, 43 (June 21, 2004), recognized that allegations of bad faith and bias must rest on strong evidentiary footing in order to overcome the presumption of regularity and good faith conduct by agency officials. In *IRRI,*

this Court found that the allegations of bad faith and bias were "sufficiently well grounded to warrant supplementation of the Administrative Record," based upon "hard facts" which suggested that the contracting officer had knowingly failed to tell evaluators that IRRI's prior termination for default had been converted into a termination of convenience. *IRRI,* 61 Fed.Cl. at 43. Further, the record in *IRRI* was unclear as to whether that change in IRRI's termination status had been taken into account in the evaluation. *See also, J.C.N. Constr. Co., Inc. v. United States,* 60 Fed.Cl. 400, 405 n. 8 (2004) (allowing depositions regarding asserted bias where Plaintiff "proffered documentary evidence tending to support its bias and de facto debarment claim"); *Orion Int'l Techs. v. United States,* 60 Fed.Cl. 338, 343 (2004) (allowing interrogatories where Plaintiff alleged that awardee misrepresented identities of key employees in proposal); *Cybertech Group, Inc. v. United States,* 48 Fed.Cl. 638, 650–1 (2001) (authorizing depositions where Plaintiff alleged that Government officials failed to act impartially and provided preferential treatment by steering the contract award to a particular vendor and requesting that the agency not solicit Plaintiff, a well-rated incumbent); *Buffalo Cent. Terminal v. United States,* 886 F.Supp. 1031, 1046 (W.D.N.Y.1995) (stating that discovery is permissible in bid protest in where Plaintiff provides "a reasonable factual basis" for bad faith allegation).

Like the appellant in *ITAC,* Four Points alleges that the evaluators and the contracting officer were biased against Four Points, but the sole basis for this contention is its disagreement with their evaluation of Four Points and Command. Plaintiff's Supp. Br. at 11. Here, there is no alleged conduct which might indicate a motivation for bias on the part of the CO or the evaluators. Criticism of Plaintiff's performance on the incumbent contract in areas required to be evaluated or erroneous evaluations or inconsistent scoring do not rise to the level of motivation for bias. Rather, the numerous examples cited by Plaintiff to support its need to probe bias in discovery are judgmental conclusions of the CO or the evaluators which are part

and parcel of the evaluation itself and capable of challenge in a bid protest in and of themselves. Nor was there alleged conduct by these individuals which was difficult to explain, absent bias. *See Beta,* 61 Fed.Cl. at 226. In short, there is an insufficient basis here for permitting inquiry into the alleged bias of these Government officials. As the Court of Federal Claims recently recognized: "A plaintiff challenging a procurement decision must do more than merely argue that an agency's evaluation of its bid was erroneous to entitle it to discovery." *Beta,* 61 Fed.Cl. at 226, *citing, ITAC* 316 F.3d at 1324 n. 2.

### Conclusion

1. Plaintiff's motion to supplement administrative record to probe bias is **DENIED**.

2. Defendant shall supplement the AR with documents as directed in the Court's December 1, 2004, Order, forthwith.

3. The parties shall file proposed redactions to this decision no later than **Tuesday, January 4, 2005.**

4. Plaintiff may proceed with the deposition of the CO as limited in the December 1, 2004 Order, immediately.

5. The Court will convene a telephonic conference for scheduling purposes on **January 10, 2005 at 2:00 p.m. ET.**